521 So.2d 330 (1988)
Marcie CHU, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1901.
District Court of Appeal of Florida, Fourth District.
March 9, 1988.
Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Amy L. Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
The state charged appellant with driving under the influence of alcohol in violation of section 316.193, Florida Statutes (1985). The trial court denied appellant's motion to suppress the results of a blood alcohol test. Thereafter, appellant withdrew her previous plea of not guilty, entered a plea of no contest and reserved her right to appeal the denial of the motion to suppress. In an amended order denying appellant's motion to suppress, the trial court certified the following question as one of great public importance:
DOES SECTION 316.1932(1)(c), FLORIDA STATUTES (1986) PROHIBIT A LAW ENFORCEMENT OFFICER FROM REQUESTING THE ADMINISTRATION OF A BLOOD TEST IF A DEFENDANT DOES NOT APPEAR AT A HOSPITAL, CLINIC OR OTHER MEDICAL FACILITY AS A RESULT OF HIS INVOLVEMENT AS A DRIVER IN A MOTOR VEHICLE ACCIDENT AND IF A BREATH TEST IS NOT IMPRACTICAL OR IMPOSSIBLE?
*331 We accept jurisdiction of the certified question pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(B) and 9.160. We answer this question with a qualified no and we affirm the trial court's order denying appellant's motion to suppress.
The trial court's amended order contains a summary of the facts leading to this appeal:
On March 13, 1987, the Defendant was involved in a one-car traffic accident on I-95 in which her car overturned. Emergency medical personnel were the first people to arrive on the scene to give aid to the Defendant. The Defendant was however not injured. Shortly after the emergency medical personnel arrived on the scene, Florida Highway Patrol Trooper Kozma arrived. Trooper Kozma made contact with the emergency medical personnel and then he approached the Defendant who was sitting on the back of the emergency vehicle. The Defendant cooperated completely with Trooper Kozma. During the course of the investigation, and through conversation with the Defendant, the Defendant had a strong odor of alcoholic beverage on her breath and at times, the Defendant appeared to lack coherency. Based on this appearance as well as the odor of alcohol on her breath and the accident, Trooper Kozma requested her to submit to a blood test at the scene. The Defendant's implied consent was read to her and Trooper Kozma also obtained a written consent from the Defendant for the blood test. Trooper Kozma testified that the reason that he opted for a blood test instead of a breathalyzer test was for the fact that the paramedics were already there and he thought that it would be the most accurate and quickest way to test the Defendant. There was also no question that the Defendant was not going to be transported to the hospital as there were no injuries. After receiving the results of the blood test on March 21, 1987, the Defendant was issued a summons for driving under the influence of alcohol.
Appellant contends that notwithstanding her consent to submit to a blood alcohol test, the trial court erred when it failed to suppress the results of the test because the requirements of section 316.1932(1)(c), Florida Statutes (1986) had not been met. The state agrees that the record would not support a blood test taken pursuant to the implied consent provisions of section 316.1932(1)(c). However, the state contends that section 316.1932(1)(c) does not preclude the admission of blood alcohol test results where the driver has given actual consent to the blood test. The state further argues that the statutory requirements of section 316.1932(1)(c) apply only to cases where the driver's consent will be implied as a matter of law.
The general rules concerning statutory construction are outlined in Barruzza v. Suddath Van Lines, Inc., 474 So.2d 861, 864 (Fla. 1st DCA 1985):
The starting point in statutory analysis is, of course, the language of the statute. Where the language used by the legislature makes clear the legislative intent, it is incumbent upon the courts to give effect to that intent... . Thus, in those instances "where the language of a statute clearly limits the application to a particular class of cases, leaving no room for doubts as to the meaning of the legislature, the statute may not be enlarged or expanded to cover cases not falling within its provisions." (citations omitted).
The plain language of the implied consent statute shows that when the circumstances described in sections 316.1932(1)(c) and 316.1933(1) are not present, the legislature provided for the use of a breath test to determine the alcoholic content of the operator's blood and for a urine test to determine the presence of chemical substances:
Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state shall, by so operating such vehicle, be deemed to have given his consent to submit to an approved chemical test of his breath for the purpose of determining the alcoholic content of his blood, and to a urine test for the purpose of detecting the presence of chemical substances as set forth in s. 877.111 or controlled substances, *332 if he is lawfully arrested for any offense allegedly committed while the person was driving or was in actual physical control of a motor vehicle while under the influence of alcoholic beverages, chemical substances, or controlled substances.
Section 316.1932(1)(a), Florida Statutes (1985). However, the legislature also provided that testing by blood sample may be used when "the administration of a breath or urine test is impractical or impossible"[1] and when the "law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual control of a person under the influence of alcoholic beverages or controlled substance has caused death or serious bodily injury of a human being."[2]
We think it is clear that the legislature intended and provided for the use of breath and urine tests, except under the circumstances described in sections 316.1932(1)(c) and 316.1933(1) and that the legislature did not intend to authorize a law enforcement officer to request a blood test when the conditions described in these statutes do not exist. However, we also recognize that circumstances may occur where it is more convenient for a person to submit to a blood test rather than a breath or urine test. Under such circumstances we see no reason to exclude a voluntary blood test provided the person has been fully informed that the implied consent law requires submission only to a breath or urine test and that the blood test is offered as an alternative. The key to admissibility is that the consent must be knowingly and voluntarily made and not as the result of the acquiescence to lawful authority. With these qualifications, we answer the certified question in the negative.
This brings us to the question whether the trial court erred when it denied appellant's motion to suppress. The circumstances described in the trial court's findings of fact show that Officer Kozma had authority to request a breath test and the record shows that Officer Kozma testified that he "read the implied consent to her and explained it in laymen's terms." Appellant makes no argument that she did not voluntarily consent to the blood test or that she gave her consent because of acquiescence to lawful authority. State v. Floyd, 510 So.2d 1180 (Fla. 4th DCA 1987); Mobley v. State, 335 So.2d 880 (Fla. 4th DCA 1976). Since appellant did not challenge the voluntariness of her consent, we affirm the order denying appellant's motion to suppress.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.
NOTES
[1] Section 316.1932(1)(c) provides:

(c) Any person whose consent is implied as provided in this section shall be deemed to have consented to an approved blood test for the purpose of determining the alcoholic content of the blood or a blood test for the purpose of determining the presence of chemical substances or controlled substances as provided herein if such person appears for treatment at a hospital, clinic, or other medical facility as a result of his involvement as a driver in a motor vehicle accident and the administration of a breath or urine test is impractical or impossible. The blood test shall be performed in a reasonable manner.
[2] Section 316.1933(1) provides:

(1) Notwithstanding any recognized ability to refuse to submit to the test provided in s. 316.1932 or any recognized power to revoke the implied consent to such test, if a law enforcement officer has probable cause to believe that a motor vehicle driven by or in the actual physical control of a person under the influence of alcoholic beverages or controlled substances has caused the death or serious bodily injury of a human being, such person shall submit, upon the request of a law enforcement officer, to a test of his blood for the purpose of determining the alcoholic content thereof or the presence of chemical substances as set forth in s. 877.111 or controlled substances therein. (emphasis added).