PER CURIAM.
Appellant challenges the denial of a motion to suppress the results of a blood alcohol test. Appellant was charged with driving under the influence of alcohol, a violation of section 316.193, Florida Statutes (1987). After the denial of her motion to suppress, appellant pled no contest to the charges and reserved the right to appeal the denial of the motion to suppress. In denying the motion, the trial court certified the following question of great public importance:
Is a lawful arrest a prerequisite to a request for a blood sample pursuant to § 316.1932(l)(c) if a person is taken to a medical facility as a result of their [sic] involvement in an automobile accident?
We have jurisdiction pursuant to rules 9.030(b)(4)(B) and 9.160, Florida Rules of Appellate Procedure. We answer the question in the negative, thereby affirming the order denying the motion to suppress.
Appellant suffered a head injury in an automobile accident and was transported to a medical facility for treatment. At the medical facility, the investigating officer requested that appellant submit to a blood alcohol test. The officer read her an implied consent warning; appellant agreed to be tested and signed the consent form. She was not under arrest at that time.
Appellant argues that the results of the blood test on which the state based the charges should be suppressed. She maintains that under section 316.1932(l)(c), Florida Statutes (1987), the blood test was improper because she had not been arrested before the officer requested her to submit to the test, and because a breath test was not impractical or impossible. We find no merit in her assertion. Under section 316.1932(l)(c), an arrest is not a prerequisite to a request for a blood test. Appellant voluntarily consented to the procedure, and no impediment to the use of the results exists. State v. Williams, 417 So.2d 755 (Fla. 5th DCA 1982); see State v. Trono-lone, 532 So.2d 1127 (Fla. 3d DCA 1988); Chu v. State, 521 So.2d 330 (Fla. 4th DCA 1988).
We decline to adopt appellant’s interpretation of State v. Perez, 531 So.2d 961 (Fla.1988), as mandating an arrest before a blood test is requested. In Perez, the Florida Supreme Court considered the admissibility of blood alcohol test results where the test was administered against the suspect’s will. The court held that a person who is involved in an automobile accident but who does not injure another may not be forced to submit to a blood test under section 316.1933(1), Florida Statutes (1985);[1] the court did not address the issue in the present case, namely, whether an arrest is a prerequisite to a request for a blood test. For that reason, the court’s statements about the arrest requirement do not apply, and the motion to suppress the results was properly denied. We therefore affirm the trial court’s order denying the motion to suppress.
Affirmed.

. Section 316.1933, was amended by Chapter 88-5, section 4, Laws of Florida.