# STATE OF FLORIDA v THRUSH

## Case No. 90-125AC

Eleventh Judicial Circuit, Dade County

April 17, 1991

### APPEARANCES OF COUNSEL

**Robert A. Butterworth,** Attorney General and **Joan L. Greenberg,** Assistant Attorney General, for appellant.

No appearance for appellee.

Before SHAPIRO, ROTHENBERG, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

The State of Florida appeals from an order suppressing the results of a blood test. For the reasons set forth herein, this order is reversed.

Appellee, Harold Thrush, was cited for driving under the influence of alcohol when a police officer came across a single car accident. The officer smelled alcohol on appellee's breath and received other information concerning appellee's erratic driving just prior to the accident. Paramedics, at the officer's request, took samples of appellee's blood at the scene before appellee was transported to a nearby hospital.

Prior to trial, appellee moved to suppress the blood test evidence. He argued that he had not appeared at a medical facility for treatment as a result of the accident, that the use of a breath or urine test would not have been impractical or impossible, that he had objected to the blood test and that he had not been informed he had alternatives to the test.

The lower court made specific findings of fact, one of which was that appellee consented to having his blood drawn. The court, relying on *State v Perez*, 531 So.2d 961 (Fla. 1988) and *Chu v State*, 521 So.2d 330 (Fla. 4th DCA 1988), granted the motion to suppress. With due respect to the lower court, her ruling was incorrect.

The issue of the implied consent law is, in actuality, a non-issue in this case. It became so when appellee voluntarily consented to having his blood drawn. The test results regarding this blood are admissible. *Pardo v State*, 429 So.2d 1313 (Fla. 5th DCA 1983).

The order granting the motion to suppress is reversed and this case is remanded for trial with instructions to the court to admit the test results if all other necessary criteria are met.

Reversed and remanded with instructions.