974 So.2d 416 (2007)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Elizabeth CLARK, Respondent.
No. 4D07-848.
District Court of Appeal of Florida, Fourth District.
September 12, 2007.
Rehearing Denied December 5, 2007.
*417 Thomas C. Mielke, Miami, for petitioner.
Michael A. Catalano of Michael A. Catalano, P.A., Miami, for respondent.
KLEIN, J.
Clark's driver's license was suspended as a result of her refusal to submit to a breath test after a traffic accident which occurred in October, 2005. Clark challenged the suspension on the ground that the officer did not properly read her the statutory implied consent warnings; however, the administrative hearing officer concluded that her license was properly suspended. Clark then sought review in circuit court, which reversed her license suspension, and the state now petitions for certiorari review in this court. We deny the petition.
Section 316.1932(1)(a)1.a., Florida Statutes (2006) provides that a person who accepts the privilege of operating a motor vehicle in this state is deemed to have consented to a breath test to determine alcohol in the blood. The statute requires a law enforcement officer who reasonably believes a driver is under the influence of alcohol to advise the driver that a refusal to submit to a breath test will result in the suspension of the driver's license. Other statutory provisions such as section 316.1932(1)(c) (medical condition precludes breath test) or section 316.1933(1) (impaired driver caused serious injury or death) authorize blood withdrawal; however, they were not applicable in this case.
Clark challenged her license suspension because the warning given her by the officer erroneously informed her that her driving privileges would be suspended if she refused to submit to a breath, blood or urine test. Chu v. State, 521 So.2d 330 (Fla. 4th DCA 1988) (statute does not authorize officer to request blood test except under conditions described in statute providing for blood test). State v. Slaney, 653 So.2d 422 (Fla. 3d DCA 1995) (police were not authorized under the implied consent statutes to advise defendant that, despite fact that no person was killed or injured, he would lose driver's license if he refused to consent to a blood withdrawal). Citing Chu and Slaney, the circuit court reversed the administrative order suspending Clark's license, and the state seeks review by certiorari.
The primary argument advanced by the state is that Chu and Slaney were criminal cases in which the issue was whether the test results of blood withdrawal should be suppressed. The state contends that, unlike Chu and Slaney, this case involved an administrative proceeding, and cites cases from other jurisdictions holding that the exclusionary rule does not apply in administrative proceedings. See e.g. Nevers v. State, Dept. of Admin., 123 P.3d 958 (Alaska 2005) (exclusionary rule for unlawful search or seizure does not apply in administrative *418 driver's license revocation hearing).
The problem with the state's argument is that in Chu and Slaney, as well as the cases from other jurisdictions, the issue was whether the test results of blood withdrawal were admissible in evidence. Unlike the cases relied on by the state, in this case Clark did not consent to any tests and there was no evidence, such as a test result, to suppress. The exclusionary rule was not involved here.
The state acknowledges, but attempts to minimize the error in the warning given Clark in this case; however, the error may have misled Clark into thinking that she would have to submit to a more invasive test, the withdrawal of blood, than was authorized by the statute. We accordingly conclude that the circuit court did not depart from the essential requirements of law in holding that, where the officer's warning did not comply with the statute, Clark's license could not be suspended under the statute. The petition for certiorari is denied.
SHAHOOD, C.J., and TAYLOR, J., concur.