SALTER, J.
 

 In these three consolidated cases, the Florida Department of Highway Safety and Motor Vehicles (Department) appeals circuit court appellate division judgments awarding attorney’s fees and costs to the appellees’ counsel. We reverse, finding no legally sufficient statutory, contractual, or other predicate for the imposition of such fees and costs.
 
 [1]
 

 The underlying cases involved administrative driver’s license suspensions that were based variously on a refusal to submit to a breath test after an arrest for suspected driving under the influence (DUI), in
 
 Trauth
 
 and
 
 Whitehead,
 
 and on allegedly-coerced consents to breath and blood samples after an arrest for suspected DUI, in
 
 Martin.
 
 In each case, the circuit court appellate division quashed administrative orders (entered after formal review hearings) suspending the appellees’ driver’s licenses because of improper consent forms or warnings. After these rul
 
 *918
 
 ings became final, the appellees moved for awards of appellate attorney’s fees and costs under Florida Rule of Appellate Procedure 9.400. Ultimately, the circuit court appellate division concluded in each case that the motions should be granted because the Department “persisted in pursuing this appeal, despite clear knowledge, based on an extensive body of existing Florida law, that the consent form being used by the police was unlawful.” The appellate division also determined that the Department “should have confessed error rather than pursuing the appeal.” Thereafter, the appellees’ attorney’s fees and costs were heard and determined (all of the appellees were represented by the same attorney), and these consolidated appeals followed.
 

 The appellees acknowledge that there is no specific contractual or statutory basis for the circuit court fee awards. They argue that the circuit court had the “inherent authority” to impose attorney’s fees and costs in these cases under
 
 Moakley v. Smallwood,
 
 826 So.2d 221 (Fla.2002). We find that argument unpersuasive for two reasons. First, the circuit court made no explicit finding of bad faith and no “detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys’ fees” as required by
 
 Moakley. Id.
 
 at 227.
 

 Second, the Department’s persistence, even obduracy, involves a close question of law that has resulted in conflicting opinions from appellate courts over the years in question.
 
 See Dep’t. of Highway Safety and Motor Vehicles v. Nader, 4
 
 So.3d 705 (Fla. 2d DCA 2009),
 
 review granted,
 
 2010 Fla. Lexis 774 (May 7, 2010) (No. SC09-1533), and
 
 Dep’t. of Highway Safety & Motor Vehicles v. Clark,
 
 974 So.2d 416 (Fla. 4th DCA 2007).
 
 [2]
 
 The Department’s position is not one that lacks any plausible factual and legal basis, and its actions have not abused the judicial process. These cases do not involve the kinds of predicate considered sanctionable by the Supreme Court of Florida in
 
 Moak-ley.
 
 Appealing a court order is not equivalent to disobeying or disregarding a court order.
 

 The appellees’ allegations of “disgusting, rude and unprofessional” comments by the Department, a claim that the Department’s attorneys “have gone on a rampage,” and similar accusations, are also unavailing; the circuit court orders contained no such findings.
 

 Reversed with directions to vacate the orders and final judgments awarding attorney’s fees and costs in each of the underlying appellate division cases.
 

 [1]
 

 . In
 
 Department of Highway Safety & Motor Vehicles v. Trauth,
 
 971 So.2d 906, 908 (Fla. 3d DCA 2007), we reversed an earlier order determining that two of the appellees were entitled to attorney's fees and costs, for reasons that included the order’s failure to include a "particular contractual, statutory, or other substantive basis.”
 

 [2]
 

 . The Second District found that a circuit court in the district had "obeyed the controlling precedent [the Fourth District opinion in Clark] and disobeyed the plain language of the statute.”
 
 Nader,
 
 4 So.3d at 711. The Supreme Court of Florida has accepted jurisdiction to address the issue.