DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE FIRST LIBERTY INSURANCE CORPORATION,**
a foreign corporation,
Petitioner,

v.

**JOHANNA O'NEILL** and **WILLIE J. ANDERSON,**
Respondents.

No. 4D14-2895

[January 13, 2016]

Petition for writ of certiorari to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 502013CA004444MB.

Mark S. Shapiro and Antonio D. Morin of Akerman LLP, Miami, for petitioner.

Brett C. Powell of The Powell Law Firm, P.A., Palmetto Bay, for respondent Johanna O'Neill.

GERBER, J.

The insurer appeals from: (1) the circuit court's partial final judgment for the insured on her uninsured motorist claim after the insurer tendered its policy limits; and (2) the court's simultaneous order granting the insured's motion to amend the complaint to add a first-party bad faith claim. We treat the appeal as a petition for a writ of certiorari and deny the petition.

We deny the petition because the circuit court's decisions – at the time of its decisions – did not constitute a departure from the essential requirements of the law. *See Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d 1086, 1092 (Fla. 2010) ("The departure from the essential requirements of the law necessary for granting a writ of certiorari is something more than a simple legal error.").

At the time of the circuit court's decisions, we had not addressed the issue of whether an insured, after obtaining a favorable result on its

benefits claim, may amend the complaint to add a first-party bad faith claim instead of filing a new action on the bad faith claim.

Instead, the circuit court was faced with a split of authority from our sister courts on that issue. *Compare Safeco Ins. Co. of Ill. v. Rader*, 132 So. 3d 941, 947-48 (Fla. 1st DCA 2014) (denying insurer's petition for writ of certiorari as to the circuit court's order denying the insurer's motion to enter a final judgment in accordance with the insurer's confession of judgment on the insured's underinsured motorist claim, and also granting the insured's motion to add a bad faith claim), *with Safeco Ins. Co. of Ill. v. Fridman*, 117 So. 3d 16, 17-18 (Fla. 5th DCA 2013) (trial court erred in denying insurer's motion to enter a final judgment in accordance with the insurer's confession of judgment, and also reserving jurisdiction on the insured's motion to amend his complaint to add a bad faith claim; instead, the trial court should have entered the confessed judgment in the insured's favor, and the insured should have pursued a subsequent bad faith action against the insurer), *rev. granted*, 145 So. 2d 823 (Fla. 2014).

Given the lack of binding authority from this court on the underlying issue, and given the split of authority between our sister courts on the underlying issue, we cannot say that the circuit court's apparent decision to follow the First District's authority was a departure from the essential requirements of the law at the time of its decision. Thus, because of that procedural posture, we are compelled to deny the petition for writ of certiorari and not decide the underlying issue until a final appealable judgment is entered.

*Petition denied.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2