SALTER, J.
Allstate Fire and Casualty Insurance Company seeks a writ of certiorari quashing a circuit court appellate division opinion affirming a county court judgment for a medical provider in a personal injury protection (PIP) auto insurance case. The appellate division decided an interpretive question regarding the sufficiency of PIP policy language following the Legislature’s amendments to section 627.736, Florida Statutes, in 2008.
In doing so, a three-judge panel of the appellate division carefully considered pertinent decisions by this Court and by the Supreme Court of Florida: Geico Indemnity Co. v. Virtual Imaging Services, Inc., 79 So.3d 55 (Fla. 3d DCA 2011); Geico General Insurance Co. v. Virtual Imaging Services, Inc., 90 So.3d 321 (Fla. 3d DCA 2012); and Geico General Insurance Co. v. Virtual Imaging Services, Inc., 141 So.3d *742 147 (Fla.2013). The appellate division panel also considered, though conflicting, prior opinions issued on the question by the circuit court appellate division, as well as conflicting opinions issued by the First and Fourth District Courts of Appeal. The appellate division opinion correctly observed that, through the date the panel rendered its decision, this Court had not issued an opinion on the conflict issue.

The Pending Conflict of Decisions in the Supreme Court of Florida

Following the issuance of the present appellate division opinion in December 2015, the Supreme Court of Florida accepted for review a conflict of decisions on the same issue. Allstate Ins. Co. v. Orthopedic Specialists, No. SC15-2298, 2016 WL 282060 (Fla. Jan. 20, 2016). In the conflict cases, the First District interpreted the PIP insurance policy and statute as Allstate argues it should be interpreted here, Allstate Fire & Cas. Ins. Co. v. Stand-Up MRI of Tallahassee, P.A., 188 So.3d 1 (Fla. 1st DCA 2015), and the Fourth District (in a split decision) interpreted the policy and statute just as the appellate division did in the judgment before us, Orthopedic Specialists v. Allstate Ins. Co., 177 So.3d 19 (Fla. 4th DCA 2015).[1]
Under the standard for second-tier cer-tiorari review established in Custer Medical Center v. United Automobile Insurance Co., 62 So.3d 1086 (Fla.2010), and Allstate Insurance Co. v. Kaklamanos, 843 So.2d 885 (Fla.2003), we do not have jurisdiction in this case. There was no violation of a “clearly established principle of law resulting in a miscarriage of justice,” Custer Med. Ctr., 62 So.3d at 1092, when the appellate division of the circuit court issued its opinion. At that time, the applicable principle of law was sufficiently unsettled that the Supreme Court of Florida accepted jurisdiction to resolve conflicting decisions regarding the issue.
In First Liberty Insurance Corp. v. O’Neill, 190 So.3d 136 (Fla. 4th DCA 2016), the Fourth District addressed a petition for certiorari directed to a circuit court decision rendered at a time when the Fourth District had not addressed the pertinent legal issue, and when there existed “a split of authority from our sister courts on that issue.” Id. The Fourth District denied the petition, concluding:
Given the lack of binding authority from this court on the underlying issue, and given the split of authority between our sister courts on the underlying issue, we cannot say that the circuit court’s apparent decision to follow the First District’s authority was a departure from the essential requirements of the law at the time of its decision. Thus, because of that procedural posture, we are compelled to deny the petition for writ of certiorari and not decide the underlying issue until a final appeal-able judgment is entered.
Id. at 137.

This CouH’s July 2016 Decision on the Legal Issue

The uncertainty confronted by the county courts and the circuit court appellate division in this district at the time the appellate division issued its opinion has since been dispelled. In a recent decision, a panel of this Court accepted and decided the same underlying legal issue: the suffi *743 ciency of PIP policy language following the 2008 amendments to section 627.736. The question was certified to this Court by the County Court for Miami-Dade County in five eases. All were consolidated here. Fla. Wellness & Rehab. v. Allstate Fire & Cas. Ins. Co., 201 So.3d 169, 41 Fla. L. Weekly D1619, 2016 WL 3745527 (Fla. 3d DCA July 13, 2016).
Our Court has now reached the same conclusion as the First District in StandUp MRI of Tallahassee, P.A., 188 So.3d 1, the Second District in Allstate Indemnity Co. v. Markley Chiropractic & Acupuncture, LLC, supra n. 1, regarding the pertinent policy language, and Judge May of the Fourth District in her dissent in Orthopedic Specialists, 177 So.3d at 29-31 (May, J., dissenting). So although we are constrained to dismiss the petition in the present case, we observe that the County Court wisely used its power to certify the issue directly to this Court under Florida Rule of Appellate Procedure 9.030(b)(4)(A) after identifying the conflicting county court and circuit court opinions on the topic, and in the absence of a binding decision from this Court. Rule 9.030(b)(4) allows an efficient determination on a substantial and recurring issue such as this one when there is no definitive and binding case law regarding that issue and the reported cases are in conflict.

Should We Apply Our July 2016 Decision in this Certiorari Case?

The dissent correctly observes that our refusal to accept jurisdiction, grant certio-rari, and quash the circuit court appellate opinion in the present case leaves intact a decision that we have since concluded is an incorrect interpretation of the pertinent insurance policy. If circuit court appellate division opinions are intended to be final, however — with further review tightly circumscribed as specified in Custer Medical Center and Kaklamanos (“something more than a simple legal error;” “when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice;” “an illegal or irregular act;” “grievous errors”[2]) — we cannot grant a second level of review in a dispute such as this, originating as it did in the county court and decided by the circuit court appellate division without the benefit of our July 2016 decision.
Notably, the conflict cases that are currently under review by the Supreme Court of Florida, as well as the subsequent decision by the Second District in Markley Chiropractic, supra n. 1, and this Court in Fla. Wellness & Rehab., are not second-tier certiorari cases. Instead, all four of those opinions were based on cases certified directly to those district courts by county courts under Florida Rule of Appellate Procedure 9.030(b)(4)(A).
The exercise of our jurisdiction in second-tier certiorari cases reflects the variety of cases and issues that are the subject of such petitions. In State, Department of Highway Safety & Motor Vehicles v. Freeman, 63 So.3d 23, 27 (Fla. 3d DCA 2011), we applied the standards set forth in Custer Medical Center, concluding that the underlying issue involved a departure from “clearly established law” and a statutory interpretation (not, as here, the interpretation of an insurance contract) which “disobeyed the plain language of the statute.” This Court and the Second District (in a second-tier certiorari case involving the same issue) quashed the orders under review, and the Supreme Court of Florida upheld the exercise of that jurisdiction in Nader v. Department of Highway Safety & Motor Vehicles, 87 So.3d 712 (Fla.2012).
*744 In the present case, however, conflicting decisions from District Courts regarding an issue of contractual interpretation are awaiting resolution of that conflict by the Supreme Court of Florida. Although we have now decided how we would resolve that conflict of decisions if we were empowered to decide it, we are not so empowered, given the procedural posture of the case, and we had not expressed this Court’s resolution of the issue at the time that the circuit court appellate division considered the language of the insurance policy and reached its own decision.
The appellate division’s decision was principled, applied the Fourth District’s 2015 opinion in Orthopedic Specialists, and was not a violation of a clearly established principle of law resulting in a miscarriage of justice. Indeed, if the Supreme Court of Florida upholds the Fourth District analysis and quashes the conflicting decisions of the First, Second, and Third Districts, the appellate division’s analysis may turn out to be the correct one. Granting the petition in this case would be tantamount to faulting the circuit court appellate division for lacking a crystal ball or Ouija board that would have revealed this Court’s decision issued seven months later.
For these reasons, we lack jurisdiction to grant the relief sought by the petitioner. Petition dismissed.
SCALES, J., concurs.

. Following the Supreme Court of Florida’s acceptance of review of the conflicting decisions, the Second District issued an opinion agreeing with the First District’s conclusion and disagreeing with the Fourth District’s majority opinion. Allstate Indent. Co. v. Markley Chiropractic & Acupuncture, LLC, — So.3d -, 41 Fla. L. Weekly D793, 2016 WL 1238533 (Fla. 2d DCA Mar. 30, 2016).

. These criteria are considered in extensive detail in Custer Medical Center, 62 So.3d at 1092.