904 So.2d 449 (2005)
Dr. Robert D. SIMON, M.D., P.A., a/a/o Eric Hon, Appellant/Appellee,
v.
PROGRESSIVE EXPRESS INSURANCE COMPANY, Appellee/Appellant.
Nos. 4D04-1498, 4D04-2205.
District Court of Appeal of Florida, Fourth District.
May 4, 2005.
Rehearing Denied July 12, 2005.
Joseph C. Schulz of Jeff D. Vastola, P.A., West Palm Beach, for appellant/appellee.
Douglas H. Stein of Anania, Bandklayder, Blackwell, Baumgarten, Torricella & Stein, Miami, for appellee/appellant.
STONE, J.
Physician, Robert Simon (Simon), accepted a reduced payment from Progressive Express Insurance (Progressive) for services rendered to a policy holder who had been in an auto accident. Simon cashed the payment check without protest. Before paying Simon, Progressive informed him, along with other providers whose claims are reduced or denied, that, as established by section 627.736, Florida Statutes (PIP statute), upon submission of new information, a denied or reduced claim would be reconsidered. At a later date, Simon resubmitted the claims for the balance. Progressive then advised Simon that the remaining funds were committed to another provider because he, Simon, accepted the partial payment without advising Progressive that the claim would be re-submitted. Simon claims Progressive was under the obligation to hold a sum in reserve indefinitely to cover the partially denied claims. Summary judgment was granted in favor of Progressive. We affirm.
Although Simon had the initial option of re-submitting the claim and providing additional information under the PIP statute, he accepted payment and failed to re-submit the claim. Simon claims Progressive should not have paid, or committed to pay other providers because Progressive knew he had a vested interest in the undisbursed funds. He asserts that, under the "English rule," he was first in time and first in right because he filed his claim before actual disbursement of the committed *450 funds. Thus, Progressive was liable for payment even if its obligation was depleted by setting aside or disbursing the committed funds to the other provider, whose treatment had commenced earlier than Simon's.
We conclude that Simon did not have a priority claim against the funds remaining undisbursed. He accepted the partial payment, without notifying the insurance company that an amended claim was forthcoming. We decline to create a requirement that an insurance company set aside a "reserve" fund for claims that are reduced or denied. Simon does not contend that the denial or reduction of its claim was in bad faith, or that Progressive had manipulated, or acted improperly, in reducing it.
If we were to accept Simon's theory that a "reserve" or "hold" provision must be automatically applied to any available funds at the time a claim is submitted, it would result in unreasonable exposure of the insurance company and would be to the detriment of the insured and other providers with properly submitted claims. Under such a theory, all potential payments to a service provider that were denied, or were subject to a reduction, would have to be held in reserve until the statute of limitations period expired or a suit was filed and concluded. This would delay and reduce availability of funds for the payment of claims to other providers and would be inconsistent with the PIP statute's "prompt pay" provisions. See §§ 627.613, and 627.662(7), Fla. Stat. (provision established to expedite payment to service providers). It is the obligation of insurance companies to attempt to settle as many claims as possible. Farinas v. Florida Farm Bureau General Insurance Co., 850 So.2d 555, 560 (Fla. 4th DCA 2003). It is also a prerogative of insurance companies to pay, reduce, or deny claims. Id.
We also find no reversible error as to the other issues raised. We affirm the judgment in favor of Progressive.
GUNTHER and STEVENSON, JJ., concur.