55 So.3d 593 (2010)
Richard A. SHELDON, D.C. as assignee of Travis Baliel, Appellant,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellee.
No. 1D10-0777.
District Court of Appeal of Florida, First District.
December 28, 2010.
Rehearing Denied March 8, 2011.
*594 Woodburn S. Wesley, Jr., Ft. Walton Beach, for Appellant.
Vicki S. Graves, Jacksonville; Douglas H. Stein of Seipp & Flick, Coral Gables, for Appellee.
PER CURIAM.
We review an order of the County Court for the First Judicial Circuit in and for Okaloosa County, granting summary judgment in favor of the appellee and certifying a question of great public importance. We accepted discretionary jurisdiction pursuant to rule 9.160(e)(2), Florida Rules of Appellate Procedure and we now affirm the county court's ruling and answer the certified question in the affirmative.
Travis Baliel was injured in an automobile accident on July 31, 2007. He had a personal injury protection ("PIP") insurance policy issued by the appellee, United States Automobile Association ("USAA"), with a limit of $10,000, and made a claim on the policy to receive treatment for his injuries. As part of his treatment, he began receiving chiropractic care from the appellant, Dr. Richard A. Sheldon, D.C. Baliel assigned his rights under the policy to Dr. Sheldon to secure payment. USAA paid some of Dr. Sheldon's charges but reduced others, on the ground that they were in excess of what is the usual and customary reimbursement level in the community.[1]
Dr. Sheldon subsequently filed suit against USAA in the county court on December 27, 2007, for payment of PIP benefits for services, as well as for statutory interest, penalties and attorney's fees, pursuant to section 627.428, Florida Statutes. He originally filed the action in the Circuit Court for Okaloosa County, but the circuit court transferred the case to Okaloosa County Court several weeks later. In the meantime, USAA continued paying claims to other medical providers with assignments of benefits from Baliel. As these payments continued, they eventually exhausted the $10,000 limit on Baliel's PIP policy on January 14, 2008, two weeks after the complaint was filed, but before USAA was served. USAA was subsequently served with the complaint another two weeks later, on January 28, 2008.
In its amended answer, USAA raised several affirmative defenses, including that *595 it had paid reasonable amounts under section 627.736 for the services at issue and that benefits had been exhausted on January 14, 2008, and that no further benefits were payable under the policy. It then filed a motion for summary judgment based on exhaustion of benefits, arguing that all benefits due under the PIP policy had been paid and that no further benefits were due.
The county court initially denied the motion, finding that Dr. Sheldon could still maintain a claim for attorney fees and interest, but on USAA's motion for reconsideration, it granted summary judgment, based on Progressive American Insurance Co. v. Stand-Up MRI of Orlando, 990 So.2d 3 (Fla. 5th DCA 2008). It later vacated that order and entered an Amended Order Granting USAA's motion for summary judgment, this time certifying the following as a question of great public importance:
After PIP benefits are exhausted, is a plaintiff barred from filing or maintaining a previously filed lawsuit against an insurance company to pursue a claim solely for penalties, interest and concomitant attorney's fees on benefits that were reduced or denied prior to the exhaustion of benefits?
Dr. Sheldon contends that the county court erred in granting summary judgment for USAA. Even though PIP benefits have been exhausted, he asserts that he should be allowed to maintain his pending suit against USAA, solely for the purpose of pursuing a claim for statutory penalties, interest and attorney fees on the benefits that were reduced or denied. According to Dr. Sheldon, these unpaid benefits are "overdue" under the statute and thus subject to these monetary sanctions.
Florida's Motor Vehicle No-Fault Law, which was intended to operate virtually automatically as to payment of benefits, allows for the payment of interest on overdue benefits, as well as an award of attorney fees to an insured or his assignee who is forced to sue to recover those benefits. See § 627.731 Fla. Stat. (2008). As Dr. Sheldon acknowledges, Florida courts have established that, once an insurer has paid out the policy limits to the insured (or to various providers as assignees), it is not liable to pay any further PIP benefits, even those that are in dispute. See Simon v. Progressive Express Insurance Co., 904 So.2d 449 (Fla. 4th DCA 2005). Further, if benefits are exhausted after suit is filed, but before the suit is served on the insurer, the suit for benefits may not go forward, because the insurer has met its obligation under the contract to pay the policy amount. See Progressive American Insurance Co. v. Stand-Up MRI of Orlando, 990 So.2d 3 (Fla. 5th DCA 2008).
In the present case, Dr. Sheldon concedes that, under Simon and Stand-Up MRI, he cannot go forward with his suit for the underlying benefits that were reduced or denied. However, he seeks to maintain the suit merely to pursue interest, penalties and/or attorney fees under subsections 627.736(4) and (8). As Dr. Sheldon also observes, neither Simon nor Stand-Up MRI addresses claims for interest specifically. Indeed, no District Court in the state has addressed whether an assignee of benefits under a policy, like Dr. Sheldon, may continue to maintain a suit against the insurer solely to pursue statutory interest, penalties and/or attorney fees, where the underlying substantive claim for unpaid benefits has been obviated by the exhaustion of benefits prior to service of the suit. However, the statute itself does not allow for recovery of interest, penalties or attorney fees after the thirty-day investigation period expires unless benefits are first determined to be overdue. The reason an insurer that has paid out the policy limits may not be held *596 liable on a claim for disputed benefits is that it has already fulfilled its contractual obligation to pay a given amount of benefits, and it cannot be required to pay more than it agreed to pay under the policy. Once the suit for disputed benefits dissolves, there can be no judgment that the disputed benefits are due. It therefore follows that, if disputed benefits cannot be deemed due, they cannot be deemed overdue. And without overdue benefits, there is nothing on which to base an award of interest, penalties or attorney fees. As Justice Pariente has explained, "[T]he penalty for `overdue' payments which runs from the expiration of the thirty-day period, applies only if the insurer is ultimately found liable for the claim." United Automobile Insurance Co. v. Rodriguez, 808 So.2d 82, 88-89 (Fla.2001) (Pariente, J., concurring). See also January v. State Farm Mutual Insurance Co., 838 So.2d 604, 607 (Fla. 5th DCA 2003) ("If the insurer fails to pay the claim or to continue investigating, it is not barred from contesting the claims, but must pay the penalties once its duty to pay the claim is established."); § 627.736(4)(d), Fla. Stat. ("Interest shall be due at the time payment of the overdue claim is made."). Thus, it is clear that Dr. Sheldon cannot seek interest on the disputed underlying benefits, as USAA will never be required to pay them, so they cannot become overdue.
Nor is Dr. Sheldon entitled to attorney fees on benefits that were never awarded to him and that will never be awarded, due to exhaustion of benefits. See § 627.428, Fla. Stat. (providing that an insured or assignee is entitled to an award of attorney fees only upon the rendition of judgment against an insurer). Because no such judgment has been or will be rendered, there is nothing on which to base an award of attorney fees under the statute. See also Nationwide Mut. Fire Ins. Co. v. Keen, 658 So.2d 1101, 1103 (Fla. 4th DCA 1995), rev. dismissed, 666 So.2d 143 (Fla. 1995); Vaughan v. Progressive Am. Ins. Co., 435 So.2d 889, 889 (Fla. 1st DCA 1983).
We therefore conclude that the county court did not reversibly err in entering summary judgment in favor of USAA. We affirm and answer the certified question in the affirmative.
BENTON, C.J., PADOVANO, and CLARK, JJ., concur.
NOTES
[1] Specifically, Dr. Sheldon alleged that, on services for which he billed a total of $1,865.00, USAA had paid only $310.75.