LAGOA, J.
The State of Florida, Department of Highway Safety and Motor Vehicles, Bureau of Administrative Reviews (“Department” or “Petitioner”) petitions this Court for a writ of certiorari to review an order from the Sixteenth Judicial Circuit’s Ap *268 pellate Division. That order quashed an administrative hearing officer’s suspension of Jose Fernandez’s (“Fernandez” or “Respondent”) driver’s license for his refusal to submit to a breath, blood, or urine test incident to an arrest for driving under the influence. For the reasons stated below, we grant the Department’s petition for writ of certiorari and quash the Appellate Division’s order.
I. FACTUAL AND PROCEDURAL HISTORY
Officers from the Key West Police Department arrested Fernandez for driving under the influence following a traffic stop that was conducted shortly after witnesses observed Fernandez’s Jeep swerve into a lane designated for oncoming traffic, crash into a parked vehicle, and drive away dragging part of the Jeep’s front bumper along the pavement. While interviewing Fernandez at the scene, the officers observed that Fernandez had red, glassy eyes, slurred speech, and the smell of alcohol on his breath. Fernandez refused to submit to roadside sobriety exercises.
After placing Fernandez under arrest, the officers asked Fernandez to provide a breath sample to measure the amount of alcohol Fernandez had consumed. Fernandez declined to submit to the breath test.
The officers gave Fernandez various implied consent warnings, including a warning that failure to submit to the breath test would result in suspension of Fernandez’s driving license for at least one year. Fernandez maintained his refusal and his license was suspended administratively pursuant to section 322.2615, Florida Statutes (2011).[1]
Fernandez requested a formal review of his license suspension. The Department scheduled the hearing for October 12, 2011, at the Bureau of Administrative Reviews (“Bureau”) in Marathon, Florida. In advance of the hearing, Fernandez submitted to the Department four subpoenas directed to certain Key West Police Department officers.[2] The Department issued the subpoenas, but modified their form by adding stamped language requiring the officers to appear telephonically from their duty stations.[3]
Rather than serve the modified subpoenas, Fernandez’s attorney, Halford Schuh-macher, drafted new subpoenas for his own signature that required the officers to appear in person. Mr. Schuhmacher’s subpoenas were returned non-served after the Key West Police Department’s patrol liaison refused to accept service, explaining that she was not authorized to accept service of subpoenas other than those approved by the Bureau.[4]
On October 12, 2011, Fernandez’s attorney appeared at the Bureau and requested a continuance of the hearing to seek enforcement of the subpoenas.[5] The hearing officer, appearing telephonically from Mia *269 mi, continued the hearing until November 1, 2011, and sent Fernandez a notice of hearing that indicated the continued proceedings would take place at the hearing officer’s business address in Miami, Florida.[6]
On November 1, 2011, Fernandez’s Miami counsel appeared in person at the Miami address identified in the notice of hearing, and Mr. Schuhmacher appeared telephonically on Fernandez’s behalf. Before taking evidence, the hearing officer overruled several objections and denied various motions argued by Fernandez’s attorneys, including motions to invalidate the license suspension based on the police department’s refusal to accept service of Mr. Schuhmacher’s subpoenas and improper venue. Fernandez did not attend or participate in the formal review hearing and no witnesses testified. The only evidence received by the hearing officer consisted of the documents forwarded to the Department by the Key West Police Department.[7] Following the hearing, the hearing officer entered an order affirming the Department’s suspension of Fernandez’s driving license.
Fernandez filed a petition for first-tier certiorari review in the Appellate Division of the Sixteenth Judicial Circuit Court. The Appellate Division granted certiorari and quashed the hearing officer’s order, reasoning that the hearing officer failed to convene the formal review hearing “in Monroe County” by appearing telephoni-cally from an office in Miami in contravention of section 322.2615(6)(b), Florida Statutes (2011) (requiring that a formal hearing be “held before a hearing officer”) (emphasis added), and Florida Administrative Code Rule 15A-6.009, (providing that, absent driver’s consent, venue for formal review hearing is in the judicial circuit where the notice of suspension was issued). The Appellate Division concluded that the hearing officer’s failure to appear in person in Monroe County deprived Fernandez of the right “to be physically present before the hearing officer” and thereby violated procedural due process:
[Tjhere has been no legislative authorization, nor has any rule or case been cited which unequivocally allows the Department, to have the presiding hearing officer “appear” by telephone in the judicial circuit where venue is mandated unless the “consent of the driver” to a change of venue is first obtained, pursuant to F.A.C. Rule 15-A-6.009 and Fla. R. Jud. Adm. 2.530(d)(1).... [T]he Court finds that the failure to accord a hearing at which the hearing officer physically appears in the statutorily designated judicial circuit, and wherein a Petitioner has the right to physically appear before the hearing officer for the hearing, does not comply with Section 322.2615(6)(b) or the rules set forth above.
The Department timely filed this petition for second-tier certiorari seeking review of the Appellate Division’s opinion.
II ANALYSIS
The standard governing the disposition of a petition for second-tier certio-rari in a district court is narrow: “[T]he district court must determine whether the decision of the circuit court ... is a depar- *270 tare from the essential requirements of law resulting in a miscarriage of justice.” Nader v. Fla. Dep’t of Highway Safety & Motor Vehicles, 87 So.3d 712, 725 (Fla.2012); see also State, Dep’t of Highway Safety & Motor Vehicles v. Freeman, 63 So.3d 23, 25-26 (Fla. 3d DCA 2011). The circuit court’s decision is said to depart from the essential requirements of law where the circuit court fails to afford procedural due process or fails to apply the correct law. Nader, 87 So.3d at 722-23 (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995)).
Where, as here, a petition for second-tier certiorari is premised on a circuit court’s failure to apply the correct law, the circuit court’s decision must violate a “clearly established principle of law” resulting in a miscarriage of justice. See Nader, 87 So.3d at 723. “ ‘[C]learly established law1 can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.” Id. (quoting Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 890 (Fla.2003)) (emphasis in original). Thus, “a district court may grant a writ of certio-rari after determining that the decision is in conflict with the relevant statute, so long as the legal error is also ‘sufficiently egregious or fundamental to fall within the limited scope’ of certiorari jurisdiction.” Nader, 87 So.3d at 723 (quoting Kaklamanos, 843 So.2d at 890). Because “statutes also constitute ‘clearly established law,’ ... a district court can use second-tier certiorari to correct a circuit court decision that departed from the essential requirements of statutory law.” Nader, 87 So.3d at 727.
The Department argues that the Appellate Division failed to apply the correct law when it read section 322.2615(6)(b), Florida Statutes (2001), Florida Administrative Code Rule 15A-6.009, and Florida Rule of Judicial Administration 2.530(d)(1) to require that the hearing be conducted in the physical presence of the hearing officers.
We find that the Appellate Division’s reading of section 322.2615(6)(b), Florida Statutes, is a departure from the essential requirements of law as it violates a clearly established principle of law by “disobeying] the plain language of the statute.” Nader, 87 So.3d at 723. Section 322.2615(6)(b) provides in relevant part:
[The] formal review hearing shall be held before a hearing officer employed by the department, and the hearing officer shall be authorized to administer oaths, examine witnesses and take testimony, receive relevant evidence, issue subpoenas [for certain officers and witnesses] ..., regulate the course and conduct of the hearing, question witnesses, and make a ruling on the suspension.
(emphasis added). The Appellate Division construed the words “before a hearing officer” to mean “in the physical presence of a hearing officer.”
The Appellate Division’s statutory construction isolates the words “before a hearing officer” from the subsection’s remaining language, particularly, the terms authorizing the hearing officer to “regulate the course and conduct of the hearing.” § 322.2615(6)(b). Reading the unambiguous terms of the statute together, it is clear that while the Legislature intended a hearing officer to preside over formal review hearings, it left the manner in which the hearing would proceed to the hearing officer’s discretion. Construing the statute to prohibit the hearing officer from appearing telephonically, when appropriate, fails to give meaning to the statute at issue.
*271 This reading of the statute finds support in the rules implemented by the Department to govern formal review hearings. Rule 15A-6.013(5) ensures the driver’s “right to present evidence relevant to the issues, to cross-examine opposing witnesses, to impeach any witness, and to rebut the evidence presented against the driver” at a formal review hearing, but does not indicate the manner in which these rights are to be implemented. And, significantly, Rule 15A-6.013(5) does not guarantee any right to the hearing officer’s physical appearance at a review hearing initiated by the driver, except to the extent the hearing officer’s telephonic appearance implicates the other rights protected in Rule 15A-6.013(5). The hearing officer’s power to “regulate the course and conduct of the hearing,” § 322.2615(6)(b), permits the hearing officer to tailor a proceeding to the circumstances, such that the rights protected in Rule 15A-6.013(5) will not be abridged in a manner inconsistent with due process. “An agency’s statutory construction is entitled to great weight and is not to be overturned on appeal, unless clearly erroneous.” Braman Cadillac, Inc. v. Dep’t of Highway Safety & Motor Vehicles, 584 So.2d 1047, 1050 (Fla. 1st DCA 1991). Because we conclude that the Department’s interpretation of section 322.2615(6)(b) is not clearly erroneous, the Appellate Division’s reading of section 322.2615(6)(b) is contrary to the Department’s interpretation of the statute.
 The Appellate Division also relied on Florida Administrative Code Rule 15A-6.009 to conclude that the words “before a hearing officer” in section 322.2615(6)(b) meant “in the hearing officer’s physical presence.” Rule 15A-6.009, however, provides that: “Hearings shall be held in the judicial circuit where the notice of suspension was issued, unless otherwise ordered by the hearing officer with the consent of the driver.” Notably, section 322.2615 offers no direction with respect to the venue of a formal review hearing; it does not expressly authorize a hearing officer to convene a hearing “in Monroe County” via telephone, but neither does it prohibit a hearing officer from doing so; the Legislature here left that to the hearing officer’s discretion. “[GJiving greater weight to a rule implemented pursuant to a statute than to the requirements of the statute violates a clearly established principle of law.” Dep’t of Highway Safety & Motor Vehicles v. Snelson, 817 So.2d 1045, 1048 (Fla. 2d DCA 2002).
In any case, there was no occasion to quash the hearing officer’s order sustaining the suspension of Fernandez’s driving license on the basis of an improper venue because Fernandez never sought to move the November 1st hearing from the Miami location identified in the notice to Monroe County, never objected to the hearing officer’s use of telephonic equipment to convene the hearing, and in fact participated through counsel by telephone at both hearings. Moreover, Fernandez’s Miami attorney physically appeared at the November 1st hearing. To the extent there was any error in the proceeding related to the designation of the hearing officer’s Miami office in the notice of hearing, the error did not prejudice Fernandez.
The Appellate Division also relied on Florida Rule of Judicial Administration 2.530(d)(1) as mandating the physical appearance of the hearing officer with respect to evidentiary hearings. Rule 2.530(d)(1), however, provides that: “A county or circuit court judge, general magistrate, special magistrate, or hearing officer may allow testimony to be taken through communication equipment if all parties consent or if permitted by another applicable rule of procedure.” This rule authorizes a judge to receive a witness’s *272 testimony over the phone with the consent of the parties but has no application to the venue of the hearing itself. “There is no indication that the rule applies to the administrative hearings held by the Department ... to determine whether to uphold driver’s license suspensions.” Lotocki v. Dep’t of Highway Safety & Motor Vehicles, 17 Fla. L. Weekly Supp. 721b (Fla. 4th Cir.Ct.App.Div.2010). Indeed, as Fernandez failed to properly subpoena or otherwise present any witnesses to testify at the review hearing, Rule 2.530(d)(1) had no application to the matter before the Appellate Division.
In sum, the Appellate Division’s failure to apply section 322.2615 according to its clear and unambiguous terms amounted to a failure to apply clearly established law. See Freeman, 63 So.3d at 27 (holding that circuit court’s erroneous interpretation of section 322.2615 “disobeyed the plain language of the statute” and justified issuance of writ of certiorari to correct error).
Lastly, we find that the Appellate Division’s departure from the essential requirements of law is a miscarriage of justice “sufficiently egregious” to merit cer-tiorari review. Nader, 87 So.3d at 723 (quoting Kaklamanos, 843 So.2d at 890). “An important factor to consider when determining whether the circuit court’s error amounts to a ‘miscarriage of justice’ is the adverse precedential effect the error might have on subsequent cases.” Dep’t of Highway Safety & Motor Vehicles v. Hofer, 5 So.3d 766, 772 (Fla. 2d DCA 2009); see also Dep’t of Highway Safety & Motor Vehicles v. Alliston, 813 So.2d 141, 145 (Fla. 2d DCA 2002). Where a circuit court’s decision fails to apply the correct law and establishes “principles of general application binding in subsequent cases,” certiorari review is warranted. Hofer, 5 So.3d at 772; see also Alliston, 813 So.2d at 145 (explaining that certiorari review is appropriate where an error “is pervasive or widespread in its application to numerous other proceedings”).
Here, the State has a strong interest in regulating a citizen’s driving privilege, Dep’t of Highway Safety & Motor Vehicles v. Hogar, 581 So.2d 214 (Fla. 5th DCA 1991), and in keeping the public safe from persons that choose to operate vehicles while using intoxicants. Illinois v. Batchelder, 463 U.S. 1112, 1118, 103 S.Ct. 3513, 77 L.Ed.2d 1267 (1983) (“The interest of the states in depriving the drunk driver of permission to continue operating an automobile is particularly strong.”). A rule mandating the personal appearance of a Miami hearing officer in Monroe County (where the Department lacks any permanent facilities or personnel) would impose a heavy burden on the Department’s limited resources. Thus, while Fernandez’s driving privilege is significant, it is not outweighed by the State’s interest in policing public roadways and would not benefit from the (negligible) additional procedural safeguard that the hearing officer’s personal appearance might offer.
Application of the Appellate Division’s opinion to subsequent suspension cases will require the Department to send hearing officers from Miami to locations throughout Monroe County to conduct in-person review hearings, even in cases (like this one) where no witnesses will testify and consequently, the hearing officer will not be required to make any credibility determinations. This procedure imposes a heavy and unjustified burden on the Department without providing any significant benefit to the driver insofar as due process rights are concerned. Accordingly, the Court is justified in exercising its certiora-ri jurisdiction to quash the Appellate Division’s opinion.
Based on the foregoing, we find that the Appellate Division’s order departed from *273 the essential requirements of law by violating clearly established principles of law which resulted in a miscarriage of justice. Accordingly, we grant the petition and quash the order.
Petition granted.

. "A law enforcement officer ... shall ... suspend the driving privilege ... of a person who has refused to submit to a urine test or a test of his or her breath-alcohol or blood-alcohol level.” § 322.2615(l)(a), Fla. Stat. (2011).

. See Fla. Admin. Code R. 15A-6.012(1) (authorizing driver to request the issuance of subpoenas by the clerk or the hearing officer).

. See Fla. Admin. Code R. 15A-6.012(6) ("A hearing officer is authorized to amend or strike a request for subpoena ... which does not comply with the provisions of this rule.”).

. One of the subpoenas was returned non-served based on the officer’s training schedule, which prevented him from appearing on October 12, 2011.

. The record does not reflect whether an enforcement action was filed.

. The Department asserts that the change in location was an error.

. Pursuant to section 322.2615(2), Florida Statutes (2011), "[m]aterials submitted to the department by a law enforcement agency or correctional agency shall be considered self-authenticating and shall be in the record for consideration by the hearing officer.” Formal review hearings conducted solely on the basis of police reports and documents are authorized. § 322.2615(11), Fla. Stat. (2011).