# Third District Court of Appeal

## State of Florida

Opinion filed December 10, 2014.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D13-2264
Lower Tribunal No. 12-69 AP

————————————

## GEICO Indemnity Company,
Petitioner,

vs.

## Gables Insurance Recovery, Inc., a/a/o Rita M. Lauzan,
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Appellate Division, Maria I. Sampedro-Iglesia, Teresa Pooler, and Maria de Jesus Santovenia, Judges.

Seipp, Flick & Hosley, LLP, and Douglas H. Stein and Stephanie Martinez, for petitioner.

Billbrough & Marks, P.A., and G. Bart Billbrough; Robert N. Pelier, for respondent.

Before ROTHENBERG, LAGOA, and LOGUE, JJ.

LAGOA, J.

Petitioner, GEICO Indemnity Company ("GEICO"), seeks a Writ of

Certiorari to quash the decision of the Circuit Court Appellate Division affirming a

final judgment in favor of Gables Insurance Recovery, Inc. ("Gables Insurance"). Because we find that the Circuit Court Appellate Division departed from the essential requirements of law resulting in a miscarriage of justice, we grant GEICO's petition for writ of certiorari and quash the order below.

I.        FACTUAL AND PROCEDURAL HISTORY

In May 2008, Rita M. Lauzan ("Lauzan") sustained injuries in a motor vehicle accident. At the time of the accident, Lauzan was insured under a GEICO policy providing personal injury protection ("PIP") coverage. After obtaining medical treatment, Lauzan assigned the GEICO policy benefits to All X-Ray Diagnostic Services, Corporation ("All X-Ray"). All X-Ray subsequently assigned the benefits to Gables Insurance and submitted Lauzan's medical bills to GEICO. Relying on the fee payment structure set forth in section 627.736(5)(a)2.f., Florida Statutes (2008),[1] GEICO paid less than the total amount billed. In February 2010, Gables Insurance filed an action against GEICO alleging breach of contract for failure to pay the PIP benefits. GEICO denied liability for any additional benefits, claiming the policy's PIP benefits of $10,000 had been exhausted. Gables Insurance moved for summary disposition and claimed that GEICO was obligated under the policy to pay 80% of all reasonable medical expenses. GEICO filed a

_____

[1] Under section 627.736(5)(a)2.f., an insurer is permitted to pay an amount equal to 80% of 200% of the maximum allowable amount under the physician fee schedule of Medicare Part B.

cross motion for summary disposition, arguing that its liability was capped pursuant to section 627.736(5)(a)2.f., and that regardless of the statutory fee schedule, all available PIP benefits had been exhausted.

Ultimately, the trial court rejected both of GEICO's arguments and entered final judgment in favor of Gables Insurance. GEICO appealed to the Circuit Court of the Eleventh Judicial Circuit. The Appellate Division affirmed the final judgment, relying on this Court's decision in Coral Imaging Services v. Geico Indemnity Insurance Co., 955 So. 2d 11 (Fla. 3d DCA 2006), in rejecting GEICO's exhaustion defense.[2] The Appellate Division denied GEICO's motion for rehearing and this petition followed.

II.      STANDARD OF REVIEW

"The standard governing the disposition of a petition for second-tier certiorari in a district court is narrow: '[T]he district court must determine whether the decision of the circuit court . . . is a departure from the essential requirements of law resulting in a miscarriage of justice.' Nader v. Fla. Dep't of Highway Safety

---

[2] Although GEICO raised—and lost—its fee schedule argument before the Appellate Division, we do not need to address that issue in order to resolve the exhaustion issue. GEICO concedes that subsequent case law resolved the issue of whether the policy at issue authorized the payment of benefits pursuant to the fee payment structure set forth in section 627.736(5)(a)2.f., Florida Statutes (2008). "[An] insurer [is] required to give notice to its insured by electing the permissive Medicare fee schedules in its policy before taking advantage of the Medicare fee schedule methodology to limit reimbursements." Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc., 141 So. 3d 147, 150 (Fla. 2013), approving Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc., 90 So. 3d 321 (Fla. 3d DCA 2012).

& Motor Vehicles, 87 So. 3d 712, 725 (Fla. 2012); see also State, Dep't of Highway Safety & Motor Vehicles v. Freeman, 63 So. 3d 23, 25–26 (Fla. 3d DCA 2011). The circuit court's decision is said to depart from the essential requirements of law where the circuit court fails to afford procedural due process or fails to apply the correct law. Nader, 87 So.3d at 722–23 (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530–31 (Fla.1995))." State, Dep't of Highway Safety & Motor Vehicles v. Fernandez, 114 So. 3d 266, 269-70 (Fla. 3d DCA 2013).

Furthermore, "a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in the miscarriage of justice," and second-tier certiorari "cannot be used to grant a second appeal to correct the existence of a mere legal error." Custer Med. Ctr. v. United Auto. Ins. Co., 62 So. 3d 1086, 1092-93 (Fla. 2010). Thus,

> [w]here, as here, a petition for second-tier certiorari is premised on a circuit court's failure to apply the correct law, the circuit court's decision must violate a "clearly established principle of law" resulting in a miscarriage of justice. See Nader, 87 So. 3d at 723. " '[C]learly established law' can derive from a *variety of legal sources*, including recent controlling case law, rules of court, statutes, and constitutional law." Id. (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla. 2003)).

Fernandez, 114 So. 3d at 270. (emphasis in original).

4

GEICO asserts that the Appellate Division departed from the essential requirements of law resulting in a miscarriage of justice by failing to apply the correct law—i.e., controlling case law. Specifically, GEICO argues that because it paid the maximum PIP benefits available under the policy, it cannot be liable for any additional benefits. Gables Insurance claims GEICO breached the parties' contract when it refused to pay benefits in excess of the policy's $10,000 limit.

III.    ANALYSIS

"The purpose of PIP benefits is to provide up to $10,000 for medical bills and lost wages without regard to fault." Flores v. Allstate Ins. Co., 819 So. 2d 740, 744 (Fla. 2002). Every insurance policy issued in compliance with section 627.733, Florida Statutes (2008), "shall provide personal injury protection to the named insured . . . to a limit of $10,000 for loss sustained . . . as a result of bodily injury . . . arising out of the . . . use of a motor vehicle." § 627.736(1), Fla. Stat. (2008).

Contrary to the Appellate Division's ruling here, the PIP statute does not, on its face, require an insurer to pay in excess of the $10,000 limit in PIP coverage. Nor does it require an insurer to "set aside" funds in anticipation of litigation over the unpaid claim in order to avoid being at risk of paying more than its coverage limits. Such a judicially-created rule would mean that funds would not be available to pay other claims the insurer deems payable. Insurers would be faced

5

with the decision of either having to choose between disputing a billed amount it believes to be unreasonable (thereby risking potential exposure in excess of the coverage limits) or paying the billed amount (thereby accelerating the depletion of the insured's $10,000 coverage) and exposing the insured to liability to pay for subsequent bills from medical providers. We find this proposition to be unsupported by the statutory language and also contrary to both an insurer's obligation to settle as many claims as possible, and to the primary purpose of the PIP statutes, i.e., to "'provide swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption.'" Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683-84 (Fla. 2000) (quoting Gov't Emps. Ins. Co. v. Gonzalez, 512 So. 2d 269, 271 (Fla. 3d DCA 1987)).

Prior to July 25, 2013—the date the Appellate Division filed its opinion in the instant case—two other District Courts of Appeal had addressed whether an insurer could be liable for PIP benefits above the $10,000 statutory limit. In both Simon v. Progressive Express Insurance Co., 904 So. 2d 449 (Fla. 4th DCA 2005), and Progressive American Insurance Co. v. Stand-Up MRI of Orlando, 990 So. 2d 3 (Fla. 5th DCA 2008), the Fourth and Fifth Districts respectively held that a showing of bad faith or impropriety on the part of the insurer in reducing or denying benefits is required before an insurer can be held liable for benefits above the statutory limit. Specifically, in Stand-Up MRI, the Fifth District held that "in

6

the absence of a showing of bad faith, a PIP insurer is not liable for benefits once benefits have been exhausted." 990 So. 2d at 4.

The Appellate Division, however, failed to apply the controlling case law of Simon and Stand-Up MRI. Instead, the Appellate Division incorrectly applied this Court's decision in Coral Imaging. We find that Coral Imaging is not controlling. Coral Imaging only applies where the PIP insurer exhausts benefits by improperly paying untimely claims. Coral Imaging, 955 So. 2d at 12. Here, in contrast, benefits were not improperly exhausted. Rather, every medical provider GEICO paid on behalf of Lauzan was entitled to payment and all the claims paid were timely.

Furthermore, although neither the trial court nor the Appellate Division had the benefit of our sister court's most recent decision in Northwoods Sports Medicine & Physical Rehabilitation, Inc. v. State Farm Mutual Automobile Insurance Co., 137 So. 3d 1049 (Fla. 4th DCA 2014), we agree with the Fourth District's reasoning as to an insurer's potential liability for benefits above the statutory limit:

> We hold that post-suit exhaustion of benefits should be treated no differently than pre-suit exhaustion of benefits, as long as the benefits' compensability under PIP has not been established. Once the PIP benefits are exhausted through the payment of valid claims, an insurer has no further liability on unresolved, pending claims, absent *bad faith* in the handling of the claim by the insurance company.

7

Id. at 1057 (emphasis added). Consequently, we adopt the Fourth District's ruling in Northwoods that a showing of bad faith is required before the insurer can be held liable for benefits above the statutory limit. In the instant case, Gables Insurance did not allege bad faith on the part of GEICO nor did the Appellate Division find that GEICO acted in bad faith regarding the exhaustion of benefits. As such, we find that GEICO cannot be liable to Gables Insurance for any additional PIP benefits.

The Appellate Division in the instant case was bound by Simon and Stand-Up MRI, but failed to apply controlling precedent. "[A] circuit court (even one functioning in its appellate capacity) is *bound* to apply existing precedent from another district if its district has not yet spoken on the issue." Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87 So. 3d 712, 724 (Fla. 2012). Because the Appellate Division failed to apply the correct law, we find that the Appellate Division departed from the essential requirements of law resulting in "a miscarriage of justice 'sufficiently egregious' to merit certiorari review." Fernandez, 114 So. 3d at 272 (quoting Nader, 87 So. 3d at 723).

"'An important factor to consider when determining whether the circuit court's error amounts to a 'miscarriage of justice' is the adverse precedential effect the error might have on subsequent cases.'" Id. (quoting Dep't of Highway Safety & Motor Vehicles v. Hofer, 5 So. 3d 766, 722 (Fla. 2d DCA 2009)); see also Dep't

8

of Highway Safety & Motor Vehicles v. Alliston, 813 So. 2d 141, 145 (Fla. 2d DCA 2002) (explaining that certiorari review is appropriate where an error "is pervasive or widespread in its application to numerous other proceedings"). Because the Appellate Division's ruling will potentially affect large numbers of claimants and large numbers of PIP claims processed by insurers, the error results in a miscarriage of justice. See Progressive Express Ins. Co. v. McGrath Cmty. Chiropractic, 913 So. 2d 1281, 1286 (Fla. 2d DCA 2005) ("In measuring the seriousness of an error to determine whether second-tier certiorari is available, one consideration is whether the error is isolated in its effect or whether it is pervasive or widespread in its application to numerous other proceedings."); see also Fernandez, 114 So. 3d at 272 ("Where a circuit court's decision fails to apply the correct law and establishes 'principles of general application binding in subsequent cases,' certiorari review is warranted." (quoting Hofer, 5 So. 3d at 772)); United Auto. Ins. Co. v. Salgado, 22 So. 3d 594, 598 (Fla. 3d DCA 2009)

Based on the foregoing, we conclude that the exercise of second-tier certiorari is appropriate, as there has been a violation of a clearly established principle of law resulting in the miscarriage of justice with the potential to impact a significant number of other cases. We grant the petition and quash the order below.

PETITION GRANTED