# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-157
Lower Tribunal Nos. 16-10461 SP, 20-155 AP
_____

**United Services Automobile Association,**
Appellant,

vs.

**Less Institute Physicians,**
**d/b/a Lesspine Institute,**
**a/a/o Amelia F. Stringer-Gowdy,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Elijah A. Levitt, Judge.

Dutton Law Group, P.A., Rebecca Delaney, Andrew Steadman, Scott W. Dutton and Anthony L. Tolgyesi, for appellant.

George A. David, P.A., and George A. David, for appellee.

Before FERNANDEZ, C.J., and LOGUE and GORDO, JJ.

FERNANDEZ, C.J.

United Services Automobile Association ("USAA") appeals the trial court's order granting summary judgment in favor of Less Institute Physicians ("Less") and denying USAA's motion for summary judgment. Because PIP benefits were exhausted through payment of valid claims and because Less neither pled bad faith, nor did the trial court make a bad faith determination, USAA has no further liability on pending claims. We therefore reverse the summary judgment order, as well as the final judgment, and remand with instructions to enter an order granting summary judgment in favor of USAA due to exhaustion of benefits.

## FACTS AND PROCEDURAL BACKGROUND

Amelia Stringer Gowdy ("insured") was in a car accident and thereafter received treatment from various medical providers to whom the insured had assigned her USAA insurance benefits. Less was one such provider who submitted requests to USAA for payment in connection with treatment. USAA sent requests to Less for documentation and a determination of an emergency medical condition ("EMC"). At the time, USAA claimed that it never received the EMC determination from Less; while in fact, Less had sent the determination to USAA, but USAA had overlooked it. As a result, Less's requests for payment went unpaid. Subsequently, USAA received a claim from the insured for lost wages and PIP

2

transportation. USAA elected to pay insured's personal claim. As the result of payment, the $10,000 in insurance benefits was exhausted.

Less filed a breach of contract action against USAA. During suit, Less presented the EMC determination it had timely submitted to USAA that USAA had overlooked. Throughout trial, this error by USAA was generally classified as an inadvertent mistake, except on summary judgment. Notably, in the pleadings, Less did not include a claim of bad faith in the breach of contract action, did not amend the complaint to add a claim of bad faith, nor did it file a separate claim of bad faith pursuant to section 624.155, Florida Statutes (2020).

USAA filed an answer along with multiple affirmative defenses, including its claim that insurance benefits were exhausted. Later, USAA amended its affirmative defenses dropping many of the original defenses but maintained the exhaustion of benefits defense. USAA moved for summary judgment. Afterward, Less moved for summary judgment and included a bad faith argument for the first time but failed to amend the complaint. The trial court held a hearing on USAA's motion. Thereafter, the trial court granted summary judgment in favor of Less and denied USAA's motion.

In the summary judgment order, the trial court acknowledged Less's bad faith argument but elected not to make a determination of bad faith.

Instead, the trial court determined that USAA erred in paying the insured's lost wages and transportation claim out of order, as the claim was received after Less submitted its claim. The trial court cited to the English Rule, adopted by Florida courts, for authority. On this basis, the trial court determined that the payment of insured's claim was a gratuitous payment that did not count towards exhaustion of benefits. Accordingly, the trial court held that the benefits were not exhausted, and USAA was ordered to pay Less's claim. Final judgment was entered in favor of Less. USAA appealed.

DISCUSSION

A motion for summary judgment is reviewed *de novo*. <u>Volusia Cty. v. Aberdeen at Ormond Beach, L.P.</u>, 760 So. 2d 126, 130 (Fla. 2000).

Generally, "[o]nce the PIP benefits are exhausted through the payment of valid claims, an insurer has no further liability on unresolved, pending claims, absent bad faith in the handling of the claim by the insurance company." <u>Northwoods Sports Med. & Physical Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.</u>, 137 So. 3d 1049, 1057 (Fla. 4th DCA 2014).[1] In <u>Northwood</u>, both insurance providers, Northwoods and Wellness, amended their complaints in their breach of contract actions to allege bad faith before

---

[1] This Court adopted the Fourth District's ruling in <u>Northwoods</u> in <u>GEICO Indemnity Company v. Gables Insurance Recovery, Inc.</u>, 159 So. 3d 151, 155 (Fla. 3d DCA 2014).

4

moving for summary judgment. In contrast, Less failed to amend its complaint before filing its motion for summary judgment, and the trial court elected against making a bad faith determination. Additionally, it is undisputed that the insured's claim for lost wages and transportation was a valid and timely claim.

Though the trial court did not make a determination of bad faith, it instead held that benefits had not been exhausted because USAA's payment of the insured's claim was gratuitous because it was paid out of order pursuant to the English Rule of priority adopted by Florida courts. We find that the trial court misapplied the English Rule as the rule only applies to assignees (insurance providers) and not to the insured (typically the assignor). See Reg'l MRI of Orlando, Inc. a/a/o Lorraine Gerena v. State Farm Mut. Auto. Ins. Co., 18 Fla. L. Weekly Supp. 563a (Fla. 9th Cir. App. 2011) ("[T]he English Rule only applies to claims of competing *assignees*."); see also Boulevard Nat. Bank of Miami v. Air Metal Indus., Inc., 176 So. 2d 94, 96 (Fla. 1965) ("[T]he so-called 'English' rule or 'American' rule of priority between assignees of successive assignments . . . ."); Northwoods,137 So. 3d at 1054 ("[T]he English rule of priorities, which gives priority to an assignee first giving notice to the creditor . . . ."). Because the English Rule does not apply to the insured, there is no basis for a gratuitous payment

5

determination. There is also no showing of impropriety in USAA's payment of insured's claim. Therefore, PIP benefits were exhausted in this case.

Because PIP benefits were exhausted through payment of valid claims and because Less neither pled bad faith, nor did the trial court make a bad faith determination, USAA has no further liability on pending claims. We therefore reverse the summary judgment order and the final judgment and remand with instructions to enter an order granting summary judgment in favor of USAA due to exhaustion of benefits.

Reversed and remanded with instructions.