# Third District Court of Appeal

## State of Florida

Opinion filed March 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1819
Lower Tribunal No. 18-12583 SP
_____

**Envision Physical Therapy, Inc., a/a/o Cromwell Harris,**
Appellant,

vs.

**GEICO General Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Maria D. Ortiz, Judge.

Law Office of Chad A. Barr, P.A., Chad A. Barr, and Dalton L. Gray (Altamonte Springs), for appellant.

Rivkin Radler, LLP, and Kristen L. Wenger, Drew Krieger, and Salvatore T. Coppolino (Jacksonville), for appellee.

Before FERNANDEZ, GORDO and LOBREE, JJ.

PER CURIAM.

Affirmed. See United Servs. Auto. Ass'n v. Less Inst. Physicians, 344 So. 3d 557, 560 (Fla. 3d DCA 2022) ("Because PIP benefits were exhausted through payment of valid claims and because Less neither pled bad faith, nor did the trial court make a bad faith determination, USAA has no further liability on pending claims."); GEICO Indem. Co. v. Gables Ins. Recovery, Inc., 159 So. 3d 151, 155 (Fla. 3d DCA 2014) ("Coral Imaging only applies where the PIP insurer exhausts benefits by improperly paying untimely claims."); Northwoods Sports Med. & Physical Rehab., Inc. v. State Farm Mut. Auto. Ins. Co., 137 So. 3d 1049, 1057 (Fla. 4th DCA 2014) ("Once the PIP benefits are exhausted through the payment of valid claims, an insurer has no further liability on unresolved, pending claims, absent bad faith in the handling of the claim by the insurance company."); Progressive Select Ins. Co. v. Dr. Rahat Faderani, DO, MPH, P.A., 330 So. 3d 928, 931 (Fla. 4th DCA 2021) ("Were we to write on a clean slate, and except for untimely payments, we would hold that an insurance company's 'improper' payments to another provider do not constitute bad faith sufficient to overcome the insurance company's exhaustion of benefits defense to a provider who sues for payment after the policy limits have been exhausted.").